GLENN L. HENRY, Corporation Counsel Dane County
You request my opinion whether Dane County and the City of Madison may contract for the joint provision of public health nursing services under the provisions of sec. 66.30, Stats., under the following set of facts:
 "Dane County presently employs public health nurses pursuant to sec. 141.06, Wis. Stats. Dane County does not have a County Public Health Department because all of the municipalities in Dane County come under the jurisdiction of full-time health departments. The City of Madison has a full-time health department which provides public health nursing services to the residents of the City of Madison. The Dane *Page 55 
County Public Health Nurses provide services to residents of Dane County outside the City of Madison. The City of Madison feels that it is inequitable for the City to pay approximately 50% of the cost of operation of the Dane County Nurses and receive no benefits from the County's program.
 "The City of Madison has proposed entering into a contract with Dane County wherein the net effect would be for Dane County to provide public health nursing services to all of the residents of Dane County, including the residents of the City of Madison, by entering into a contract wherein the City of Madison Health Department would continue to provide public health nursing services to the residents of the City of Madison with nurses in their employment and that Dane County would agree to reimburse the City of Madison for these expenses. This office has concluded that Dane County may not enter into such a contract under sec. 66.30 of the Wisconsin Statutes."
I am of the opinion that Dane County could contract with the City of Madison for the joint provision of public health nursing services under the provisions of sec. 66.30, Stats. Whether such a contract should be entered into is a matter of policy determination for the governing bodies of the two municipalities. Consideration should be given to the creation of a "county health department" or a "city-county health department" under the provisions of sec. 140.09, Stats. The provisions of that section provide for the exercise of broad powers with equitable, and in the case of a city-county department, proportionate sharing of costs by the municipalities in the jurisdictions served. The fact that all municipalities in a county have full-time health departments does not bar a county from creating a county health department or city-county health department as your statement of facts assumes. Where that situation exists a county cannot create a county health commission under sec. 141.01, Stats. See sec. 141.01 (1), Stats., and 57 OAG 245 (1968). Section 140.09 (16), Stats., provides that where a county health department or city-county health department is established, "county nurses shall be transferred to the jurisdiction of the county health department and county health committees shall cease functioning."
It should be noted that the fact that a city, or other municipality, does employ public health nurses and does conduct public health nursing within its boundaries does not exclude a county, not having a *Page 56 
county department of health under sec. 140.09, Stats., from providing public health nursing services to residents within such city or other municipality. See secs. 140.09 (11) and 141.06 (1), Stats. Where there is a county department of health there is provision for local option as to whether municipalities having full-time health departments shall come under the jurisdiction of the county department.
Sections 66.30 (1) and (2), Stats., as amended by ch. 123, Laws of 1975, provide:
 "Intergovernmental cooperation. (1) In this section `municipality' means the state or any department or agency thereof, or any city, village, town, county, school district, public library system, public inland lake protection and rehabilitation district, sanitary district or regional planning commission.
 "(2) In addition to the provisions of any other statutes specifically authorizing cooperation between municipalities, unless such statutes specifically exclude action under this section, any municipality may contract with other municipalities, for the receipt or furnishing of services or the joint exercise of any power or duty required or authorized by law. If municipal parties to a contract have varying powers or duties under the law, each may act under the contract to the extent of its lawful powers and duties. This section shall be interpreted liberally in favor of cooperative action between municipalities." (Emphasis added.)
As stated in 56 OAG 69, 70 (1967):
 "Prior rulings under this section make it clear that the service must be one that the receiving municipality is authorized to receive and the performing municipality is entitled to render . . . ."
The last opinion referred to stated that a county could contract with a school district under then sec. 66.30, Stats., to provide nursing services to school districts even though sec. 141.04, Stats., specifically authorized towns, villages and cities to provide jointly for health services under sec. 66.30, Stats., and made no reference to counties or school districts.
Counties have power, under sec. 141.06, Stats., to employ public health nurses and to conduct "generalized public health nursing." *Page 57 
Under sec. 141.05 (1), Stats., cities may employ public health nurses and shall conduct "a generalized public health nursing program."
Section 141.05 (2), Stats., provides:
 "(2) Towns, villages and cities may employ public health nurses jointly, salary and other expenses to be paid jointly as agreed upon or in proportion to population."
Section 141.04, Stats, provides:
 ". . . Towns, villages and cities jointly may provide health services as agreed upon under s. 66.30."
56 OAG 69 at 71 (1967), had this to say about sec. 141.04, Stats., and its relationship to sec. 66.30 (2), Stats.:
 "When this section was amended in October, 1961, the authority of towns, villages and cities to provide joint health services was merely expanded without affecting the counties' powers which already existed in 66.30 (2) and 141.06 (1). The express powers granted under these sections cannot be limited or abolished by any implications arising from 141.04."
I am of the opinion that the failure of the Legislature to include counties in secs. 141.04 and 141.05 (2), Stats., does not amount to statutory language of exclusion within the meaning of sec. 66.30 (2), Stats. It follows that since cities and counties both have express statutory power to employ public health nurses and to conduct generalized public health nursing programs, they may contract for the joint provision of public health nursing services under the provisions of sec. 66.30, Stats.
BCL:RJV *Page 58